# Exhibit 2


# KENTUCKY
## COURT OF JUSTICE

**18-CI-00563**

### MAYES, CONNIE VS. FCA.US, LLC
**HENDERSON CIRCUIT COURT**
Filed on **10/03/2018** as **CONTRACT** with **HON. KAREN L. WILSON**
**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

---

**Parties**                                                                        18-CI-00563

**AUDUBON MOTORS, INC.** as **DEFENDANT / RESPONDENT**

**Address**
BENNETT LARRY
2945 US HIGHWAY 41 N
HENDERSON KY 42420

**Summons**
**CIVIL SUMMONS** issued on **10/03/2018** served on **11/01/2018** by way of **CERTIFIED MAIL**
*GREEN CARD SIGNED*

**FCA US, LLC,** as **DEFENDANT / RESPONDENT**

**Address**
CT CORPORATION SYSTEM,
306 WEST MAIN STREET
FRANKFORT KY 40601

**Summons**
**CIVIL SUMMONS** issued on **10/03/2018** by way of **CERTIFIED MAIL**

**MAYES, CONNIE** as **PLAINTIFF / PETITIONER**

**DEEP, WILLIAM MITCHELL** as **ATTORNEY FOR DEFENDANT**

**Memo**
AUDUBON MOTORS

**Address**
KING, DEEP & BRANAMAN
127 N. MAIN STREET, P.O. BOX 43
HENDERSON KY 42419

**ROBINSON, DARRELL C** as **ATTORNEY FOR DEFENDANT**

**Address**
FROST BROWN TODD LLC
400 WEST MARKET STREET, 32ND FLOOR
LOUISVILLE KY 40202

**SAMPSON, JEFFREY T.** as **ATTORNEY FOR PLAINTIFF**

**Address**
450 SOUTH THIRD STREET
LOUISVILLE KY 40202

---

**Documents**                                                                      18-CI-00563

**COMPLAINT / PETITION** filed on **10/03/2018**

**ANSWER** filed on **11/02/2018**

**NOTICE – OTHER** filed on **11/06/2018**

**TENDERED DOCUMENT** filed on **01/02/2019**

---

**Images**                                                                         18-CI-00563

**ANSWER** filed on **11/02/2018**   *Page(s): 9*

**NOTICE – OTHER** filed on **11/06/2018**   *Page(s): 2*

**TENDERED DOCUMENT** filed on **01/02/2019**   *Page(s): 2*

NO.                                                          **HENDERSON CIRCUIT COURT**
                                                        DIVISION 18 CI 563

**CONNIE MAYES**                                                **PLAINTIFF**

<u>**COMPLAINT**</u>

**FCA US, LLC**                                                      **DEFENDANT**

        Serve:        **CT Corporation System**
                              **306 West Main Street**
                              **Suite 512**
                              **Frankfort, Kentucky 40601**

**AND**

**AUDUBON MOTORS, INC.**

        Serve:        **Larry Bennett**
                              **2945 US Highway 41 N**
                              **Henderson, Kentucky 42420**

      Comes the Plaintiff, Connie Mayes, by and through counsel, and for her cause of action against the Defendants states as follows:

## I. INTRODUCTION

      1. This is an action for personal injuries sustained by Plaintiff, Connie Mayes stemming from an automobile collision on December 27, 2017 in Barstow, San Bernardino County, California. The Plaintiff, Connie Mayes was traveling southbound on I-15 in her 2017 Jeep Patriot, Vehicle ID Number 1C4NJPBAXHD117638 that she had purchased new on July 1, 2017 from the Defendant, Audubon Motors, Inc. at 2945 US Highway 41 N, Henderson, Kentucky 42420. The Jeep Patriot was manufactured by the Defendant, FCA US, LLC. The Plaintiff's vehicle struck the vehicle in front of her with a full frontal collision. Despite the fact that the vehicle had been warranted to have functioning airbags, such airbags failed to deploy.

      2. The Plaintiff, Connie Mayes sustained injuries as a result of the failure of the airbag deployment.

ENTERED October 3rd 2018
HERBERT MCKEE, JR. CLERK
BY_____ KC _____ D.C.

## II. PARTIES

3. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-2 as if fully set forth herein.

4. At all times material hereto, the Plaintiff, Connie Mayes was a resident of Owensboro, Davies County, Kentucky.

5. At all times material hereto, the Defendant, FCA US, LLC was a foreign limited liability company active and in good standing doing business for profit. The principle office is located at 1000 Chrysler Drive, Auburn Hills, Michigan 48326.

6. The registered agent for service of process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

7. At all times material hereto, the Defendant, Audubon Motors, Inc. was a Kentucky Corporation active and in good standing doing business for profit. The principle office is located at 2945 US Highway 41 N, Henderson, Kentucky 42420.

8. The registered agent for service of process is Larry Bennett, 2945 US Highway 41 N, Henderson, Kentucky 42420.

## III. FACTUAL ALLEGATIONS

9. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-8 as if fully set forth herein.

10. The Defendant, FCA US, LLC develops, manufactures, distributes, and sells a wide range of automotive products, including passenger cars; Defendant deals in and has specialized knowledge of automobiles and holds itself out as having knowledge and skill in the design and manufacture of automobiles.

11. In 2017, the Defendant, FCA UA, LLC manufactured and sold the automobile known as the Jeep Patriot, which Defendant knew or should have known was equipped with faulty airbags.

12. Defendant manufactures and has manufactured Jeep Patriots identical to the subject vehicle owned and operated by the Plaintiff and offers them for sale through various dealerships across the United States including the Defendant, Audubon Motors, Inc. The Defendant designed, manufactured, tested, warranted, advertised, distributed, and sold the Plaintiff's Jeep Patriot equipped with faulty airbags.

13. As designed and manufactured by Defendant, the Jeep Patriot was and is inherently and permanently defective because the airbags failed to deploy.

14. The Defendant, FCA US, LLC did not adequately research, design, test, and/or manufacture the 2017 Jeep Patriot before warranting, advertising, promoting, marketing and selling them as safe and suitable and appropriate for the intended and foreseeable use.

15. The Defendant, Audubon Motors, Inc. did not adequately test or inspect the 2017 Jeep Patriot before warranting, advertising, promoting, marketing and selling the vehicle to the Plaintiff as safe and suitable and appropriate for the intended and foreseeable use.

16. Upon information and belief, the Defendant, FSA US, LLC was and is aware of the propensity of the airbag failure, but has taken no action to warn or remedy the problem relative to the 2017 Jeep Patriot.

17. Due to the airbag defect(s) of the 2017 Jeep Patriot subject vehicle, the Plaintiff, Connie Mayes suffered significant and permanent personal injuries.

18. Upon information and belief, the Defendant has and at all times material hereto has had, actual knowledge of the inherent and permanent defect in the airbag system.

19. Plaintiff could not have discovered the defect(s) in the airbag as Plaintiff was without access to information which was in Defendants' possession.

## IV. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF: NEGLIGENCE

20. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 –19 as if fully set forth herein.

21. At all times herein mentioned, Defendants designed, tested, manufactured, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to distributors and retailers for sale, Jeep Patriots, including the Subject Vehicle and/or its component parts.

22. Defendants owed Plaintiff a duty to exercise reasonable care in the design, testing, manufacture, assembly, sale, distribution and servicing of the Subject Vehicle, including a duty to ensure each did not cause the public, including Plaintiff, unnecessary injury or death.

23. Defendants knew or should have known that the airbags in the Jeep Patriots, including the Subject Vehicle, were defectively designed and inherently dangerous and had a propensity to fail to deploy in a front-in impact.

24. Defendants knew or should have known that the airbags in the Jeep Patriots, including the Subject Vehicle, were defectively designed and/or manufactured and was therefore prone to failure under normal driving conditions, potentially causing injuries and/or deaths.

25. Defendants failed to exercise ordinary care and breached their duty to do so by, among other things:

a. Failure to use due care in the manufacture, distribution, design, sale, testing, and servicing of the Jeep Patriot, including the Subject Vehicle, and their component parts in order to avoid the aforementioned risks to individuals;

b. Failure to provide adequate warning of the airbag defect(s) and the propensity of the Jeep Patriots, including the Subject Vehicle, to experience a failure of airbag deployment causing unnecessary danger;

c. Failure to incorporate, within the Jeep Patriots, including the Subject Vehicle, the design of each reasonable safeguard and protection against an airbag defect(s) and the consequences thereof;

d. Failure to make timely correction to the design of the Jeep Patriots, including the Subject Vehicle, to correct or eliminate an airbag defect(s);

e. Failure to adequately identify and mitigate the hazards associated with an airbag defect(s) in accordance with good engineering practices; and,

f. Defendant's carelessness or negligence.

26. The aforementioned negligent acts and omissions of Defendants were the direct and proximate cause of Plaintiff's damages.

27. Plaintiff is entitled to damages in an amount to be proven at trial, together with interest thereon and costs.

WHEREFORE, Plaintiff prays judgment against Defendants, as hereinafter set forth.

## B. SECOND CLAIM FOR RELIEF: STRICT PRODUCTS LIABILITY – DESIGN DEFECT

28. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 27 as if fully set forth herein.

29.   Defendants designed, engineered, developed, manufactured, fabricated, assembled, equipped, tested or failed to test, inspected or failed to inspect, repaired, retrofit or failed to retrofit, failed to recall, labeled, advertised, promoted, marketed, supplied, distributed, wholesaled, and sold the Jeep Patriots, including the Subject Vehicle and their component parts and constituents, which were intended by the Defendants, to be used as, among other things, passenger vehicles and for other related activities.

30.   Defendants knew that the Jeep Patriot, including the Subject Vehicle were to be purchased and used without inspection for defects by any owner or the general public, including Plaintiff.

31.   The Jeep Patriots, including the Subject Vehicle, were unsafe for their intended use by reason of defects in their manufacture, design, testing, components and constituents, so that they would not safely serve their purpose, but would instead expose the users of said product to serious injuries.

32.   Defendants designed the Jeep Patriots, including the Subject Vehicle defectively, causing each to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

33.   The risks inherent in the design of the Jeep Patriots, including the Subject Vehicle outweigh significantly any benefits of such design.

34.   Plaintiff was unaware of the aforementioned defects at any time prior to the collision.

35.   As a legal and proximate result of the aforementioned defects of the Jeep Patriots, including the Subject Vehicle, Plaintiff sustained the injuries and damages set forth herein.

36. Plaintiff is, therefore, entitled to damages in an amount to be proven at the time of trial.

WHEREFORE, Plaintiff prays judgment against Defendant, as hereinafter set forth.

## C. THIRD CLAIM FOR RELIEF: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

37.  Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 36 as if fully set forth herein.

38.  Defendants knew that the Jeep Patriots, including the Subject Vehicle, and its component parts, would be purchased and used without inspection for defects in the design of the vehicle, in general, or with regard to the airbag defect specifically.

39.  The Jeep Patriots, including the Subject Vehicle were defective when each left the control of the Defendants.

40.  At the time of the Jeep Patriots, including the Subject Vehicle's design, manufacture, and sale, and continuing up to the time of Plaintiff's injuries, Defendant knew or should have known of the substantial dangers involved in the reasonably foreseeable use of these vehicles, whose defective design, manufacturing, and lack of sufficient warnings caused the vehicles, including the Jeep Patriot, including the Subject Vehicle, to have an unreasonably dangerous propensity of their airbags to fail to deploy in a front-end impact causing unnecessary danger.

41.  Defendants knew that these substantial dangers are not and could not be readily recognizable to an ordinary consumer and that consumers would purchase and use the vehicles without inspection and use them on public and private roadways.

42.  At all relevant times, Defendants failed to provide adequate warnings, instructions, guidelines or admonitions to members of the consuming public, including Plaintiff, of the defects, which Defendants knew, or in the exercise of reasonable care should have known, to have existed in the Jeep Patriots, including the Subject Vehicle, and its component parts.

43.  At the time of Plaintiff's injuries, the operator of the Subject Vehicle, Connie Mayes, has stated it was being used in the manner intended by Defendants; used in this manner it was

reasonably foreseeable by Defendants the vehicle posed a substantial danger, not readily apparent to its users and the general public.

44.   Plaintiff's damages were the legal and proximate result of Defendants' failure to provide adequate warnings; Defendants owed Plaintiff a duty in designing, manufacturing, warning about, and distributing the Jeep Patriots, including the Subject Vehicle.

WHEREFORE, Plaintiff prays judgment against Defendant, as hereinafter set forth.

### D.  FOURTH CLAIM FOR RELIEF:  FRAUDULENT CONCEALMENT

45.   Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 44 as if fully set forth herein.

46.   Throughout the relevant time period, Defendants knew or should have known that the Jeep Patriots, including the Subject Vehicle, were defective in that it and all Jeep Patriots manufactured in 2017 had unreasonably dangerous propensity for airbag defects and thereby injure the users of these vehicles.

47.   Defendants fraudulently concealed from or failed to disclose to the public, including Plaintiff, the true defective nature of the Jeep Patriots, including the Subject Vehicle.

48.   Defendant was under a duty to the public, including the Plaintiff, to disclose and warn of the defective nature of the Jeep Patriots, including the Subject Vehicle, because: (1) Defendants were in a superior position to know the true state of the facts about the hidden defects in the Jeep Patriots, including the Subject Vehicle, and those defects were latent; (2) Defendants made partial disclosures about the safety and quality of the Jeep Patriots, including the Subject Vehicle, while not revealing their true defective nature; and (3) Defendants fraudulently and affirmatively concealed the defective nature of the Jeep Patriots, including the Subject Vehicle from Plaintiff.

49. The facts concealed or undisclosed by Defendants to the public, including the Plaintiff, were material facts that a reasonable person would have considered to be important in deciding whether or not to purchase or operate the Jeep Patriots, including the Subject Vehicle.

50. Defendants intentionally concealed or failed to disclose the true nature of the problems with the Jeep Patriots, including the Subject Vehicle for the purpose of inducing the public, including Plaintiff, to act thereon, and the public, including Plaintiff, justifiably acted or relied upon, to their detriment and the detriment of others, including Plaintiff, the concealed and/or undisclosed facts, as evidenced by their purchase and operation of the Jeep Patriots, including the Subject Vehicles.

51. Defendant has not adequately notified past purchasers or warned future purchasers of the airbag defect(s) of the Jeep Patriots, including the Subject Vehicle, and have not taken appropriate action to recall, buy back, or retrofit their airbags.

52. As a direct and proximate cause of Defendants' misconduct, Plaintiff has suffered actual damages.

WHEREFORE, Plaintiff pray for judgment against Defendants, as hereinafter set forth.

## V. NEGLIGENCE CLAIMS AGAINST THE DEFENDANT, AUDUBON MOTORS, INC.

53. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 52 as if fully set forth herein.

54. The Defendant, Audubon Motors, Inc. breached an express warranty that the 2017 Jeep Patriot that the Plaintiff purchased new had properly functioning airbags. The Defendant, Audubon Motors, Inc. knew or should have known at the time of sale of such 2017 Jeep Patriot that the vehicle was in a defective condition, unreasonable dangerous to the user or consumer.

Moreover, the Defendant, by and through its agents and/or employees negligently failed to test or inspect the vehicle to determine whether the airbags were functioning properly.

## VI. PLAINTIFFS' DAMAGES

55.  Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 – 54 as if fully set forth herein.

56.  As a direct and proximate result of the Defendants' actions, by and through their agents and/or employees, as set forth herein, the Plaintiff, Connie Mayes has suffered permanent personal injuries, she has incurred medical expense and will incur such expense in the future, she has lost income, her capacity to earn income has been permanently impaired and she has and will in the future endure pain and suffering, both physical and mental.

**WHEREFORE,** Plaintiff demands judgment against the Defendants in an amount sufficient to establish the jurisdiction of this Court, for her costs herein expended and for any and all other just and proper relief to which they may appear entitled.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

Jeffrey T. Sampson
THE SAMPSON LAW FIRM
450 South Third Street
4th Floor
Louisville, Kentucky 40202
(502) 584-5050

ATTORNEY FOR PLAINTIFF

# CONFIDENTIAL RELEASE AND SETTLEMENT AGREEMENT

This is a Confidential Release and Settlement Agreement (the "Release") executed by Nationwide Agribusiness Insurance Company a/s/o Creekside Farming, Inc.

## DEFINITIONS

As used in this Confidential Release and Settlement Agreement:

1.     "Nationwide" means Nationwide Agribusiness Insurance Company and its successors, predecessors, assigns, indemnitors, indemnitees, executors, insurers, administrators, agents, servants, employees, adjusters, officers, directors, shareholders, legal representatives, subsidiaries, dealerships, sister and parent corporations, and any and all other affiliated or related persons, firms or corporations.

2.     "Creekside" means Creekside Farming, Inc., and its successors, assigns, executors, administrators, agents, servants, employees, adjusters, insurers, insureds, officers, directors, shareholders, legal representatives, subsidiaries, sister and parent corporations, authorized dealers, and all other affiliated or related persons, firms, or corporations.

3.     "CNH" means CNH Industrial America LLC, formerly known as CNH America LLC, and its successors, assigns, executors, administrators, agents, servants, employees, adjusters, insurers, insureds, officers, directors, shareholders, legal representatives, subsidiaries, sister and parent corporations, authorized dealers, and all other affiliated or related persons, firms, or corporations.

4.     "Kuckenbecker" means Defendant Lowell Kuckenbecker, Inc. d/b/a Kuckenbecker Tractor Co., and its successors, assigns, executors, administrators, agents, servants, employees, adjusters, insurers, insureds, officers, directors, shareholders, legal

representatives, subsidiaries, sister and parent corporations, authorized dealers, and all other affiliated or related persons, firms, or corporations.

5.    "Releasees" collectively means CNH and Kuckenbecker, as defined in this Release.

6.    The "Parties" collectively means Nationwide, CNH, and Kuckenbecker, as defined in this Release.

7.    The "Tractor" means the New Holland T4.110F Diesel Tractor (bearing serial number ZGLH02703) that Creekside purchased from Kuckenbecker on February 14, 2017.

8.    The "Incident" means the fire event involving the Tractor, which occurred on May 5, 2017.

9.    The "Dispute" means the disputes between and among the Parties relating to the Tractor and the Incident.

All of the foregoing provisions are part of this Release and are not mere recitals.

## DECLARATIONS

WHEREAS, on February 14, 2017, Creekside purchased the Tractor from Kuckenbecker;

WHEREAS, on May 5, 2017, the Incident occurred;

WHEREAS, the Dispute arose between and among the Parties as a result of the Incident;

WHEREAS, the Parties are now desirous of settling the Incident and the Dispute as set forth below;

NOW, THEREFORE, in consideration of the promises and covenants contained in this Release, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

## RELEASE PROVISIONS

1.    Settlement Amount.  CNH shall pay a total of Thirty-Six Thousand Dollars ($36,000) to Nationwide in settlement of all claims or potential claims that may be or may have been asserted against Releasees (the "Settlement Amount"). The Settlement Amount is the sole consideration for this Release, and the consideration is contractual and not a mere recital.

2.    Release.  For the sole consideration of the payment of the Settlement Amount to Nationwide as set forth in Paragraph 1 above, Nationwide hereby fully and forever RELEASES, ACQUITS, AND DISCHARGES Releasees from any and all liability on account of any and all claims, demands, actions, appeals, or causes of action, whether in law or in equity or otherwise, whether in contract or tort, or pursuant to any statute, ordinance, or regulation, whether direct or indirect, whether personal or by assignment, whether known or unknown, whether presently discoverable or undiscoverable, whether suspected or claimed, which Nationwide ever had, now has, or may have against Releasees arising from the Tractor, the Incident, and/or the Dispute. This Release specifically includes, but is not limited to, all claims, demands, causes of action and matters, stayed or otherwise, at issue or any matters which might or could have been placed at issue and any claims related to the defense, adjustment, or settlement of the claims against Releasees. Without in any way limiting the generality of this paragraph, this section shall be construed as a *complete* bar against *any* further prosecution of a lawsuit against Releasees arising from the Tractor, the Incident, and/or the Dispute.

3.    Voluntary Dismissal of Claims.  For the consideration set forth in this Release, Plaintiff shall direct Plaintiff's attorney to dismiss with prejudice (and with each party to bear its own costs and attorneys' fees) all Plaintiff's claims against Releasees as set forth in the Complaint in the Civil Action.

*RELEASE*
Page 3 of 7

4.   <u>Accord and Satisfaction</u>.  Nationwide hereby acknowledges that the acceptance of the Settlement Amount is in full accord and satisfaction of all the claims asserted by Nationwide against Releasees, or which could or might have been asserted by Nationwide and/or Creekside against Releasees.

5.   <u>Indemnification</u>.  Nationwide affirms and represents that it has not transferred or assigned any portion of its claim; and affirms and represents that no liens against the Settlement Amount exist.  Additionally, Nationwide agrees to reimburse its insured, Creekside, for any known or unknown property damage expense that it may have incurred as a result of this incident to include damage to the Tractor, contents, deductible, and out of pocket expense.

6.   <u>Confidentiality</u>.  Nationwide understands and agrees that the specific terms of this Release will be kept confidential, and Nationwide and its counsel agree not to disclose or publish the terms, conditions, or covenants referred to in this Release, except as follows:

      a.   as is required to comply with any applicable rules, statutes, or regulations of any governmental agency;

      b.   as may be reasonably necessary to conduct any litigation arising out of or concerning this Release;

      c.   as may be reasonably required by the Parties' auditors (internal and external), accountants or tax consultants; or

      d.   as may be ordered by a court of law.

7.   <u>Sufficiency of Consideration</u>.  Nationwide hereby acknowledges the sufficiency of the consideration for this Release and all paragraphs contained herein.

8.   <u>Attorneys' Fees, Costs, and Expenses</u>.  Nationwide understands and agrees that each Party will bear its own attorneys' fees, costs, and expenses incurred in connection with the Dispute and this Release.

*RELEASE*
Page 4 of 7

9.    **No Admission of Liability**.  Nationwide understands and agrees that this Release is a compromise of disputed claims (including but not limited to the cause and origin of the fire, and/or any equipment installed or incorporated that was manufactured by any third party) and is not to be construed as an admission of liability, responsibility or fault by Releasees.

10.    **Construction**.  This Release shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in the Release shall not be interpreted against any one Party.

11.    **No Oral Modification**.  This Release shall not be altered, amended, or modified by oral representation made before or after the execution of this Release.  All modifications must be in writing and duly executed by all the Parties.

12.    **Binding Effect of Release**.  Nationwide agrees that this Release shall be binding on and inure to the benefit of its legal representatives, heirs, successors and assigns.

13.    **Severability**.   If any paragraph or part of this Release is found void or unenforceable, the remainder of this Release shall not be affected thereby.

14.    **Entire Agreement**.   Nationwide declares and represents that no promise, inducement or release not herein expressed has been made and that this Release contains the entire agreement between the Parties, and that the terms of this Release are contractual and not mere recitals.

15.    **Authority; Informed and Voluntary Settlement**.   Nationwide declares and represents that it signs this Release with its full authority and further signs as its own free, willing, and voluntary act.

16.    **Governing Law**.  This Release and any interpretation thereof shall be governed by the laws of the State of California.

*RELEASE*
Page 5 of 7.

17. . <u>Independent Counsel</u>.  Nationwide declares and represents that it has had the

benefit of competent counsel throughout the entire proceeding, and counsel has adequately

explained the contents and terms of this Release to Nationwide.

<u>NATIONWIDE DECLARES AND REPRESENTS THAT IT HAS CAREFULLY READ
ALL THE FOREGOING AND UNDERSTANDS ALL THE TERMS AND CONDITIONS
CONTAINED HEREIN AND ACKNOWLEDGES THAT THIS IS A FULL AND FINAL
RELEASE OF ALL CLAIMS OR POTENTIAL CLAIMS AGAINST RELEASEES.</u>

[Remainder of page intentionally left blank; signatures on following page]

NATIONWIDE AGRIBUSINESS INSURANCE
COMPANY

BY: _Kathie Styer_____

STATE OF _New York_
COUNTY OF _Onondaga_

Subscribed and sworn to before me, a Notary Public, in and for said County and State,
personally, by _Kathie Styer_____, an Authorized Representative of
Nationwide Agribusiness Insurance Company this _15_ day of _Oct_____, 2018.

_Karen L. White_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: _July 31, 2021_

KAREN L. WHITE
Notary Public State of New York
No.34-4732766
Qualified in Onondaga County
Commission Expires July 31, 2021

This Confidential Release is approved as to form and
content, and all attorney's liens, statutory or
otherwise, are hereby waived.

_Michael R. Deal_____
Michael R. Deal
THE LAW OFFICE OF ANTHONY T. SCHNEIDER
4685 MacArthur Court, Suite 200
Newport Beach, CA 92660
Phone: (949) 553-1359
Fax: (855) 880-5646
*Counsel for Plaintiff,*
*Nationwide Agribusiness Insurance Company*

LR06631.0657902  4841-6799-7560v1

*RELEASE*
Page 7 of 7

COMMONWEALTH OF KENTUCKY
HENDERSON CIRCUIT COURT
CIVIL ACTION NO. 18-CI-563
*Electronically Filed*

CONNIE MAYES                                                PLAINTIFF

v.

FCA US LLC and
AUDUBON MOTORS, INC.                                        DEFENDANTS

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANT FCA US LLC

Defendant FCA US LLC ("FCA US"), by counsel, for its Answer and Affirmative
Defenses to the allegations set forth in Plaintiff's Complaint, states as follows:

1.      In response to Paragraph 1 of the Complaint, FCA US admits that it manufactured
and assembled, in part, a Jeep Patriot sport utility vehicle bearing VIN 1C4NJPBAXHD117638
(the "Vehicle").  FCA US is without knowledge or information sufficient to form a belief as to
the truth of the remaining allegations in Paragraph 1, and therefore denies them.

2.      FCA US is without knowledge or information sufficient to form a belief as to the
truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies them.

3.      In response to Paragraph 3 of the Complaint, FCA US incorporates by reference
all of the responses set forth in Paragraphs 1-2 above as if fully set forth herein.

4.      FCA US is without knowledge or information sufficient to form a belief as to the
truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies them.

5.      FCA US admits the allegations in Paragraph 5 of the Complaint.

6.      FCA US admits that its agent for service of process is CT Corporation System,
with an address of 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

1

7.      FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8.      FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

9.      In response to Paragraph 9 of the Complaint, FCA US incorporates by reference all of the responses set forth in Paragraphs 1-8 above as if fully set forth herein.

10.     In response to Paragraph 10 of the Complaint, FCA US admits that it manufactures and assembles, in part, automotive products.  The remaining allegations contained in Paragraph 10 are vague and subject to multiple interpretations, and as a result, FCA US denies such allegations.

11.     FCA US denies the allegations contained in Paragraph 11 of the Complaint.

12.     In response to Paragraph 12 of the Complaint, FCA US admits that it manufactures and assembles, in part, Jeep Patriot sport utility vehicles, including the Vehicle, and offers such automobiles for sale through numerous dealerships nationwide.  FCA US denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     FCA US denies the allegations set forth in Paragraph 13 of the Complaint.

14.     FCA US denies the allegations set forth in Paragraph 14 of the Complaint.

15.     FCA US denies the allegations set forth in Paragraph 15 of the Complaint.

16.     FCA US denies the allegations set forth in Paragraph 16 of the Complaint.

17.     FCA US denies the allegations set forth in Paragraph 17 of the Complaint.

18.     FCA US denies the allegations set forth in Paragraph 18 of the Complaint.

19.     FCA US denies the allegations set forth in Paragraph 19 of the Complaint.

DF373E4D-F89B-4D96-970C-48BB0B4E01D9 : 000002 of 000009

ANS : 000002 of 000009

20.     In response to Paragraph 20 of the Complaint, FCA US incorporates by reference all of the responses set forth in Paragraphs 1-19 above as if fully set forth herein.

21.     In response to the allegations contained in Paragraph 21 of the Complaint, FCA US admits that it manufactured and assembled, in part, Jeep Patriots, including the Vehicle, for sale to purchasers through a dealership network.   The remaining allegations contained in Paragraph 21 are vague and subject to multiple interpretations, and as a result, FCA US denies such allegations.

22.     The allegations contained in Paragraph 22 of the Complaint call for conclusions of law to which no response is required. To the extent a response is required, FCA US denies such allegations.

23.     FCA US denies the allegations set forth in Paragraph 23 of the Complaint.

24.     FCA US denies the allegations set forth in Paragraph 24 of the Complaint.

25.     FCA US denies the allegations set forth in Paragraph 25 of the Complaint.

26.     FCA US denies the allegations set forth in Paragraph 26 of the Complaint.

27.     FCA US denies the allegations set forth in Paragraph 27 of the Complaint.

28.     In response to Paragraph 28 of the Complaint, FCA US incorporates by reference all of the responses set forth in Paragraphs 1-27 above as if fully set forth herein.

29.     In response to Paragraph 29 of the Complaint, FCA US admits that it manufactured and assembled, in part, Jeep Patriot sport utility vehicles, including the Vehicle. FCA US denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     FCA US denies the allegations set forth in Paragraph 30 of the Complaint.

31.     FCA US denies the allegations set forth in Paragraph 31 of the Complaint.

32.     FCA US denies the allegations set forth in Paragraph 32 of the Complaint.

3

DF373E4D-F89B-4D96-970C-48BB0B4E01D9 : 000003 of 000009

ANS : 000003 of 000009

Filed        18-CI-005€       11/02/2018        Herbert McKee,      Henderson Circuit Clerk

33.   FCA US denies the allegations set forth in Paragraph 33 of the Complaint.

34.   FCA US denies the allegations set forth in Paragraph 34 of the Complaint.

35.   FCA US denies the allegations set forth in Paragraph 35 of the Complaint.

36.   FCA US denies the allegations set forth in Paragraph 36 of the Complaint.

37.   In response to Paragraph 37 of the Complaint, FCA US incorporates by reference all of the responses set forth in Paragraphs 1-36 above as if fully set forth herein.

38.   FCA US denies the allegations set forth in Paragraph 38 of the Complaint.

39.   FCA US denies the allegations set forth in Paragraph 39 of the Complaint.

40.   FCA US denies the allegations set forth in Paragraph 40 of the Complaint.

41.   FCA US denies the allegations set forth in Paragraph 41 of the Complaint.

42.   FCA US denies the allegations set forth in Paragraph 42 of the Complaint.

43.   FCA US denies the allegations set forth in Paragraph 43 of the Complaint.

44.   FCA US denies the allegations set forth in Paragraph 44 of the Complaint.

45.   In response to Paragraph 45 of the Complaint, FCA US incorporates by reference all of the responses set forth in Paragraphs 1-44 above as if fully set forth herein.

46.   FCA US denies the allegations set forth in Paragraph 46 of the Complaint.

47.   FCA US denies the allegations set forth in Paragraph 47 of the Complaint.

48.   FCA US denies the allegations set forth in Paragraph 48 of the Complaint.

49.   FCA US denies the allegations set forth in Paragraph 49 of the Complaint.

50.   FCA US denies the allegations set forth in Paragraph 50 of the Complaint.

51.   FCA US denies the allegations set forth in Paragraph 51 of the Complaint.

52.   FCA US denies the allegations set forth in Paragraph 52 of the Complaint.

DF373E4D-F89B-4D96-970C-48B0B4E01D9 : 000004 of 000009

ANS : 000004 of 000009

Filed        18-CI-00563       11/02/2018        Herbert McKee, Jr.  Henderson Circuit Clerk

53.     In response to Paragraph 53 of the Complaint, FCA US incorporates by reference all of the responses set forth in Paragraphs 1-52 above as if fully set forth herein.

54.     FCA US denies the allegations set forth in Paragraph 54 of the Complaint.

55.     In response to Paragraph 55 of the Complaint, FCA US incorporates by reference all of the responses set forth in Paragraphs 1-54 above as if fully set forth herein.

56.     FCA US denies the allegations set forth in Paragraph 56 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against FCA US upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pending discovery, FCA US reserves the right to allege that it is not subject to the specific or general jurisdiction of the Henderson Circuit Court.

### THIRD AFFIRMATIVE DEFENSE

Pending discovery, FCA US reserves the right to allege that the Henderson Circuit Court is the improper venue for this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the economic loss doctrine.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part pursuant to Kentucky's Uniform Commercial Code, KRS Ch. 355, *et seq.*

5

DF373E4D-F89B-4D96-970C-48BB0B4E01D9 : 000005 of 000009

ANS : 000005 of 000009

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part pursuant to the Kentucky Product Liability Act, KRS Ch. 411.300-411.350, including but not limited to the Middleman Statute. FCA US affirmatively pleads each and every defense available thereunder.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of accord, estoppel, waiver, laches, release, and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Pending discovery, FCA US reserves the right to allege that the damages about which Plaintiff complains, if any, were caused by the active and primary negligence, or the intervening and superseding negligence, of third parties over whom FCA US had no control and for which FCA US has no liability, and FCA US is entitled to indemnity, contribution, offset, or apportionment as a result of such negligence, including but not limited to an apportionment of fault under KRS 411.182.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by lack of privity.

### TENTH AFFIRMATIVE DEFENSE

Any actions that FCA US took with respect to the subject product were completed in conformity with the generally recognized state of the art at the time.

### ELEVENTH AFFIRMATIVE DEFENSE

Subject to the investigation and discovery, Plaintiff failed to mitigate her damages, if any.

6

Filed    18-CI-005f    11/02/2018    Herbert McKee    Henderson Circuit Clerk

### TWELFTH AFFIRMATIVE DEFENSE

FCA US pleads the affirmative defenses of contributory negligence and/or comparative fault.

### THIRTEENTH AFFIRMATIVE DEFENSE

Subject to investigation and discovery, the damages about which Plaintiff complains were caused or brought about by Plaintiff's failure to exercise due care.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead special damages with specificity as required by CR 9.06 of the Kentucky Rules of Civil Procedure, and therefore her claims are barred.

### FIFTEETH AFFIRMATIVE DEFENSE

Pending discovery, FCA US reserves the right to allege that it did not design, distribute or manufacture the subject product.

### SIXTEENTH AFFIRMATIVE DEFENSE

Recovery of any punitive damages from FCA US is barred by the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, by the due process clause of the Fourth Amendment to the United States Constitution, and by Sections 2 and 14 of Kentucky's Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive damages, the Complaint fails to establish the essential elements of fraud, oppression, and malice as required under KRS 411.184 and Plaintiff is, therefore, not entitled to punitive or exemplary damages against FCA US as a matter of law.

7

DF373E4D-F89B-4D96-970C-48BB0B4E01D9 : 000007 of 000009

ANS : 000007 of 000009

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive damages, FCA US specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *State Farm Mutual Auto Insurance Company vs. Campbell*, 538 U.S. 408 (2003), *Cooper Industries, Inc. vs. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *BMW of North America vs. Gore*, 116 U.S. 1589, (1996).

### NINETEENTH AFFIRMATIVE DEFENSE

FCA US reserves the right to amend its Answer to add any other defenses or to make appropriate cross-claims, counterclaims, or third-party claims that may be determined to be applicable after further discovery.

WHEREFORE, having fully answered, Defendant FCA US prays for relief as follows:

1.      Plaintiff's Complaint be dismissed with prejudice;

2.      That FCA US be awarded its costs and reasonable attorneys' fees expended in this action;

3.      Indemnity, contribution, offset, and/or apportionment where appropriate;

4.      For a jury trial on all issues so triable; and

5.      Any and all other relief which may be granted.

8

Respectfully submitted,

FROST BROWN TODD LLC

*s/ D. Christopher Robinson*
D. Christopher Robinson
Samuel W. Wardle
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202
T: (502) 589-5400
F: (502) 581-1087
crobinson@fbtlaw.com
swardle@fbtlaw.com
*Counsel for Defendant,*
*FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of November 2018, the foregoing was electronically filed using the Court's CM/ECF system, which will send a notice of electronic filing to counsel of record. A courtesy copy was served via US first class mail, postage prepaid to the following:

Jeffrey T. Sampson
THE SAMPSON LAW FIRM
450 South Third Street, 4th Floor
Louisville, KY 40202
*Counsel for Plaintiff*

Audubon Motors, Inc.
c/o Larry Bennett
2945 US Highway 41 N
Henderson, KY 42420

*s/ D. Christopher Robinson*
*Counsel for Defendant, FCA US LLC*

0136587.0712553  4827-0854-5657v1                    9

## COMMONWEALTH OF KENTUCKY
## HENDERSON CIRCUIT COURT
## CIVIL ACTION NO. 18-CI-563
*** *Electronic Filing* ***

**CONNIE MAYES**                                                    **PLAINTIFF**

**VS.**                     **NOTICE OF REPRESENTATION AND**
                 **NOTICE OF ELECTION OF ELECTRONIC SERVICE**

**FCA US, LLC and**
**AUDUBON MOTORS, INC.**                                   **DEFENDANTS**

The undersigned, W. Mitchell Deep of the law firm of King Deep and Branaman, hereby gives Notice of Representation for Defendant Audubon Motors, Inc. and all future service of pleadings and correspondence should be directed to the undersigned as Attorney for Defendant Audubon Motors, Inc.

Defendant, Defendant Audubon Motors Inc, by counsel, hereby serves notice on all parties herein pursuant to Ky. R. Civ. Proc. (CR) 5.02 that said counsel elects to effectuate and receive service via electronic means to and from all other attorneys or parties in this action. This notice of election is being filed with the clerk.

In addition to filings received via the Court's electronic filing system, the email addresses at which Defendant agrees to accept service are:

W. Mitchell Deep Email: wmdeep@kdblaw.com
Jennifer Parker Andrews Email: jandrews@kdblaw.com

Respectfully Submitted,

**KING, DEEP and BRANAMAN**
127 North Main Street,  P.O. Box 43
Henderson, Kentucky 42419-0043
Phone (270) 827-1852  FAX (270) 826-7729

/s/ W. Mitchell Deep
Jennifer Parker Andrews

## CERTIFICATE OF SERVICE

  I hereby **CERTIFY** the foregoing **Notice of Representation and Election of Electronic Service** was served upon the parties herein via the Court's electronic filing system or by mailing a true and correct copy of same, postage prepaid, to the following:

Jeffery T Sampson 450 South Third St., 4th Floor, Louisville KY 40202, attorney for Plaintiff; and CT Corporation System 306 West Main Street Suite 512 Frankfort KY 40601

This the 6th day of November, 2018.

/s/ W. Mitchell Deep
W. Mitchell Deep

A6CB6707-FADD-4851-BDB6-0659CAB8C65A : 000002 of 000002

NO : 000002 of 000002

COMMONWEALTH OF KENTUCKY
HENDERSON CIRCUIT COURT
CIVIL ACTION NO. 18-CI-00563
*** *Electronically Filed* ***

CONNIE MAYES                                                         PLAINTIFF

VS.        <u>AGREED ORDER OF DISMISSAL AUDUBON MOTORS, INC.</u>

FCA US, LLC and
AUDUBON MOTORS, INC.                                            DEFENDANTS

This matter is before the Court on the motion and agreement of the parties for a dismissal of

Defendant, Audubon Motors, Inc., with prejudice.  The parties agree and stipulate Defendant,

Audubon Motors, Inc., is a dealer that sold the subject vehicle in the original manufactured condition

as received from the manufacturer and satisfied all conditions of the K.R.S. 411.130 commonly

known as the Middleman statute;

**IT IS HEREBY ORDERED AND ADJUDGED**, all claims which Plaintiff brought, or

could have brought against Defendant Audubon Motors, Inc. are hereby dismissed, with prejudice

and stricken from the Court's docket.

Plaintiff's claims against Defendant **FCA US, LLC** are reserved.

This Order is final and appealable and there is no reason for delay.

ENTERED this the _____ day of _____, 2018. *2019*

_____
JUDGE, HENDERSON CIRCUIT COURT

HAVE SEEN AND AGREED:

_____
ATTORNEY FOR PLAINTIFF

_____
ATTORNEY FOR AUDUBON MOTORS, INC.

_____
ATTORNEY FOR FCA US, LLC

**DISTRIBUTION:**

Hon. Jeffery T. Sampson                    (____)
THE SAMPSON LAW FIRM
Attorney for Plaintiff

Hon. W. Mitchell Deep                      (____)
KING DEEP & BRANAMAN
ATTORNEY FOR DEFENDANT

Hon. D. Christopher Robinson               (____)
**ATTORNEY FOR DEFENDANT**

_____
Clerk's Initials              Date

Tendered          18-CI-00563 ~ 01/02/2019          Herbert McKee, Jr. Henderson Circuit Clerk

## COMMONWEALTH OF KENTUCKY
## HENDERSON CIRCUIT COURT
CIVIL ACTION NO. 18-CI-00563
*** *Electronically Filed* ***

CONNIE MAYES                                                              PLAINTIFF

VS.          AGREED ORDER OF DISMISSAL AUDUBON MOTORS, INC.

FCA US, LLC and
AUDUBON MOTORS, INC.                                                DEFENDANTS

      This matter is before the Court on the motion and agreement of the parties for a dismissal of

Defendant, Audubon Motors, Inc., with prejudice.  The parties agree and stipulate Defendant,

Audubon Motors, Inc., is a dealer that sold the subject vehicle in the original manufactured condition

as received from the manufacturer and satisfied all conditions of the K.R.S. 411.130 commonly

known as the Middleman statute;

      IT IS HEREBY ORDERED AND ADJUDGED, all claims which Plaintiff brought, or

could have brought against Defendant Audubon Motors, Inc. are hereby dismissed, with prejudice

and stricken from the Court's docket.

      Plaintiff's claims against Defendant FCA US, LLC are reserved.

      This Order is final and appealable and there is no reason for delay.

ENTERED this the _____ day of January, 2018. 2019

_____
JUDGE, HENDERSON CIRCUIT COURT

HAVE SEEN AND AGREED:

_____
ATTORNEY FOR PLAINTIFF

_____
ATTORNEY FOR AUDUBON MOTORS, INC.

_____
ATTORNEY FOR FCA US, LLC

ENTERED January 4th, 2019
HERBERT MCKEE, JR. CLERK
BY_____ D.C.

TD : 000001 of 000002

**DISTRIBUTION:**

Hon. Jeffery T. Sampson
THE SAMPSON LAW FIRM
Attorney for Plaintiff

Hon. W. Mitchell Deep
KING DEEP & BRANAMAN
ATTORNEY FOR DEFENDANT

Hon. D. Christopher Robinson
ATTORNEY FOR DEFENDANT

KC                    1/4/19
Clerk's Initials        Date